BURLEIGH v. CHEHALIS COUNTY et al.

(Circuit Court, D. Washington, W. D. July 28, 1896.)

RECEIVERS—SALE FOR TAXES—INJUNCTION.
A sale for taxes of lands in the hands of a receiver appointed by a federal court will be enjoined.

F. M. Dudley, for complainant.
J. B. Bridges, for defendants.

HANFORD, District Judge. This is a suit in equity by Andrew F. Burleigh, as receiver of the Northern Pacific Railroad Company, for an injunction to prevent the officers of Chehalis county from making a sale, pursuant to the revenue laws of this state, of land to which the railroad company has a claim by virtue of its grant from the United States, for delinquent taxes assessed against said land for the year 1891, and for a decree vacating a judgment of the superior court of the state of Washington for Chehalis county against said lands for the amount of said taxes, and removing a cloud upon the title of said land, alleged to have been created by said judgment, and proceedings pursuant to said judgment, whereby said lands have been declared forfeited to Chehalis county. The case has been argued and submitted upon a general demurrer. All the property of the Northern Pacific Railroad Company situated in this state, including real estate, is, and was at the date of the judgment referred to, in the legal custody of this court, through its receiver, and it is not subject to seizure or sale under process emanating from any other authority. This court will require its receiver to pay all lawful taxes, and there is no necessity for burdening the property with the expense of a sale under the state revenue law; and such proceedings, which interfere with the administration of the estate in receivership, cannot be permitted. In re Tyler, 149 U. S. 164, 191, 13 Sup. Ct. 785, 793. I hold that the bill of complaint states sufficient facts to entitle the complainant to an injunction as prayed for. A bill of complaint which shows the complainant to be entitled to any relief must be held to be good against attack by a general demurrer. I decline to pass upon all the questions presented upon the argument, for the reason that in any event the general demurrer must be overruled.